IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Colleen M. Bradley,                    :
                    Petitioner         :
                                       :
        v.                             :
                                       :
West Chester University,               :    No. 682 M.D. 2020
                    Respondent         :    Submitted:  March 7, 2022


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                    FILED:  April 1, 2022


        Before this Court are preliminary objections filed by West Chester
University (University) to a claim brought by Colleen M. Bradley (Bradley) under
the Whistleblower Law.[1]  For the reasons that follow, we sustain the University's
preliminary objections demurring to Bradley's Whistleblower Law claim and
dismiss Bradley's claims against the University.

## I. Background

        Bradley served as Director of Budget and Financial Planning at the
University, which is part of the Pennsylvania State System of Higher Education
(PASSHE).  Complaint, 3/4/20 at 4 & 6, ¶¶ 22 & 33.  Bradley's responsibilities
included preparation, oversight and management of the University's operating

---

[1] Act of December 12, 1986, P.L. 1559, *as amended*, 43 P.S. §§ 1421-1428.

budget and working collaboratively with a wide range of senior leaders at the University. *Id.* at 8, ¶ 45. Bradley also assisted in the preparation of "BUD Reports"—budgets which the University submitted to PASSHE. *Id.* at 18, ¶¶ 123 & 125.

Bradley alleges that while she was working on one of the University's annual BUD Reports, PASSHE administrators instructed her to modify the report in a way that would show a multi-million dollar deficit, even though the University in fact had a multi-million dollar surplus, so as to secure appropriation money from the Commonwealth of Pennsylvania. *Id.* at 21-22 & 25, ¶¶ 148-49, 162 & 189. In September 2012, at one of the University's weekly Administrative Budget Committee meetings, Bradley questioned the ethics and legality of the BUD Report. *Id.* at 21, ¶ 147. She was reprimanded for doing so, but Bradley nevertheless disseminated a memorandum at a subsequent Administrative Budget Committee meeting, reiterating her concerns. *Id.* at 21 & 23, ¶¶ 154 & 165.

More than two years later, Bradley again asserted that the proposed BUD Reports contained misrepresentations. *Id.* at 51-52, ¶ 402-11. Contrary to her supervisor's instructions, Bradley relayed her concerns regarding the budget at an Enrollment Management Committee meeting in October 2014. *See id.*

In November 2014, Bradley learned that her employment with the University would terminate upon the expiration of her contract on June 30, 2015. *Id.* at 27 & 55, ¶¶ 208 & 449. Bradley also received a letter formalizing this decision. *Id.* at 55-56, ¶ 450. Bradley's contract expired on June 30, 2015. *Id.* at 5, ¶ 32.

In May 2015, shortly before her contract with the University was set to expire, Bradley filed in the United States District Court for the Eastern District of Pennsylvania (federal district court) a complaint against the University, PASSHE,

2

and several University and PASSHE administrators, alleging, *inter alia*, that she was terminated in retaliation for reporting instances of wrongdoing or waste, in violation of the Whistleblower Law.[2] *See* Complaint, 3/4/20 at 57-58, ¶¶ 471-72. In April 2016, the district court issued an order dismissing Bradley's Whistleblower Law claim "without prejudice to refiling in the appropriate state forum" on the basis that the Eleventh Amendment to the United States Constitution, U.S. Const. amend. XI, barred Bradley's claim. *See Bradley v. W. Chester Univ. of the Pa. State Sys. Higher Educ.*, 182 F. Supp. 3d 195, 202 (E.D. Pa. 2016), *aff'd*, 880 F.3d 643 (3d Cir.), *cert. denied*, 139 S. Ct. 167 (2018).

On March 4, 2020, Bradley filed a complaint with the Philadelphia County Court of Common Pleas (common pleas court) levying a claim of unlawful retaliation under the Whistleblower Law, alleging that she reapplied in March 2019 for the position of Vice President of Accounting and Finance and that the University refused to hire her in retaliation for good faith reports of wrongdoing and waste made by Bradley prior to her termination. *See* Complaint, 3/4/20 at 5 & 61, ¶¶ 27-28 & 499-502. Bradley's complaint also included claims of intentional and negligent infliction of emotional distress. *See id.* at 62-63, ¶¶ 503-11. In March 2020, the common pleas court entered a judgment of *non pros*, but later struck that judgment and transferred the matter to this Court. *See* Common Pleas Order, 12/7/2020. The complaint was docketed with this Court on February 9, 2021.[3]

---

[2] The remaining counts in Bradley's district court complaint alleged violations of the right to free speech under the First Amendment of the United States Constitution, U.S. Const. amend. I; negligent infliction of emotional distress; and intentional infliction of emotional distress. *See* Complaint, 3/4/20 at 57-58, ¶ 471.

[3] Because this matter appears in our original jurisdiction, the proper initiating document is a petition for review. *See* Pa.R.A.P. 1513 (outlining the requirements for "[a] petition for review addressed to an appellate court's original jurisdiction"). However, for the sake of consistency, we

The University filed preliminary objections demurring to Bradley's Whistleblower Law claim on the basis that Bradley failed to state a claim or establish causation, demurring to Bradley's tort claims on the basis that they are barred by the doctrine of sovereign immunity and by the provision of the Workers' Compensation Act[4] barring other remedies for employees injured in the course of their employment, demurring specifically to Bradley's claim of negligent infliction of emotional distress on the basis that she failed to state a claim, and objecting to Bradley's complaint on the basis that the complaint's length and inclusion of extraneous detail contravened Pennsylvania Rule of Civil Procedure 1019(a), Pa.R.Civ.P. 1019(a). *See* Preliminary Objections at 1-11. In response, Bradley withdrew her claims for intentional and negligent infliction of emotional distress. *See* Answer to Preliminary Objections at 5, ¶¶ 22-40. The remaining preliminary objections are presently before this Court for disposition.

## II. Discussion

### A. Alleged Retaliation by Refusal to Hire

In support of its preliminary objection,[5] the University argues that Bradley has failed to state a colorable Whistleblower Law claim, because she was

---

will refer to the initiating document as a complaint, given its original filing in the common pleas court.

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710. Section 303(a) of the Workers' Compensation Act provides, in relevant part, that "[t]he liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes[.]" 77 P.S. § 481(a).

[5] When considering preliminary objections, this Court may accept as true all material facts set forth in the complaint and all inferences reasonably deducible therefrom. *Vattimo v. Lower Bucks Hosp., Inc.*, 465 A.2d 1231, 1232-33 (Pa. 1983). The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Id.* Any doubt should be resolved in favor of overruling a demurrer. *Id.*

4

not an employee of the University at the time of the alleged retaliation. University's Brief in Support of Preliminary Objections (University's Br.) at 9. The University maintains that "the plain language of the statute" requires dismissal of Bradley's claim. *Id.* The University notes that Section 3(a) of the Whistleblower Law, 43 P.S. § 1423(a), protects only employees, and that Bradley was no longer an employee of the University when it allegedly retaliated against her by denying her application for re-employment in 2019. *Id.* The University contends that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *Id.* at 10 (quoting Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b)). The University also posits that the General Assembly's omission from Section 3(a) of an express prohibition against discrimination or retaliation in hiring is instructive, noting that similar statutes specifically provide such protection. *Id.* at 10.[6] The University maintains that the Whistleblower Law does not provide a cause of action for an individual alleging a former employer retaliated or discriminated against the individual following the termination of the employment relationship. *Id.* at 10. We agree.

"The Whistleblower Law provides a civil cause of action *to employees* for violations of its provisions." *Evans v. Thomas Jefferson Univ.*, 81 A.3d 1062, 1064 (Pa. Cmwlth. 2013) (emphasis added). Section 3(a) of the Whistleblower Law provides, in relevant part:

> Persons not to be discharged.--No employer may discharge, threaten or otherwise discriminate or retaliate

---

[6] The University observes that Section 2000e-2(a)(1) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), declares it unlawful for employers to "fail or refuse to hire" an individual for a protected reason. *See* University's Br. at 11. Further, the University notes that Section 5(a) of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. § 955(a), provides that an employer shall not "refuse to hire or employ" an individual on the basis of certain protected reasons. *See id.*

against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste by a public body or an instance of waste by any other employer as defined in this act.

43 P.S. § 1423(a). Thus, the Whistleblower Law facially proscribes retaliatory conduct only by an *employer*. The University was not Bradley's employer at the time she alleges it retaliated against her.

Bradley contends that she has a viable claim under the Whistleblower Law because she was still in the University's employ at the time she reported the alleged wrongdoing and waste. Bradley suggests that if the University's arguments are accepted, any "employee who is terminated because she reports wrongdoing would not have a claim . . . because she is no longer employed." Bradley's Br. at 7-8. However, it is a plaintiff's employment status at the time of the alleged violation of the Whistleblower Law which is determinative. The Whistleblower Law prohibits discrimination or retaliation by an "employer" against an "employee" on the basis of that employee's reports alleging wrongdoing or waste by employer. *See* Section 3(a) of the Whistleblower Law, 43 P.S. § 1423(a). Here, Bradley was no longer in the employ of the University at the time the University allegedly retaliated against her in violation of the Whistleblower Law by failing to re-hire her. Thus, because Bradley was not a protected employee at the time of the alleged retaliation, she does not have a cause of action under the Whistleblower Law. *See id.*

For the foregoing reasons, we sustain the University's preliminary objection demurring to Bradley's complaint for failure to state a claim under the

6

Whistleblower Law, and we dismiss Bradley's complaint. Based on this disposition of her claim, we dismiss the University's remaining preliminary objections as moot.


_____
CHRISTINE FIZZANO CANNON, Judge


Judge Dumas did not participate in the decision in this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Colleen M. Bradley,                          :
                Petitioner                :
                                   :
        v.                                           :
                                   :
West Chester University,                  :     No. 682 M.D. 2020
                Respondent              :

## O R D E R

AND NOW, this 1st day of April, 2022, the preliminary objection filed by West Chester University demurring to the complaint filed by Colleen M. Bradley (Bradley) for failure to state a claim under the Whistleblower Law, Act of December 12, 1986, P.L. 1559, *as amended*, 43 P.S. §§ 1421-1428, is SUSTAINED, and Bradley's complaint is DISMISSED.  The remaining preliminary objections are DISMISSED AS MOOT.

_____
CHRISTINE FIZZANO CANNON, Judge